UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA

    v.

ANTHONY ANDERSEN,

              **Defendant.**

_____

No. 1:07-CR-97 (TJM)

**THOMAS J. McAVOY,**
Senior United States District Judge

## DECISION & ORDER

### I. INTRODUCTION

Defendant ANTHONY ANDERSEN moves for reconsideration [dkt. # 171] of the Court's 11/02/15 Text Only Order [dkt. # 170] denying defendant's motion to transfer jurisdiction over defendant's supervised release to the District of New Hampshire [dkt. # 169]. The Government opposes the motion [dkt. # 172]. For the reasons that follow, the motion is denied.

### II. DISCUSSION

Transfer of jurisdiction over a person on supervised release is governed by 18 U.S.C. § 3605. This provides that

> [a] court, after imposing a sentence, may transfer jurisdiction over a ... person on supervised release to the district court for any other district to which the person is required to proceed as a condition of his probation or release, or is permitted to proceed, with the concurrence of such court.

18 U.S.C. § 3605.

A transfer decision is left to the discretion of the sentencing court. See United

States v. Ohler, 22 F.3d 857, 858 (9th Cir. 1994) (noting that § 3605 "gives a court discretion to order a transfer" conditioned upon acceptance by the court to which the transfer is made and upon selection of a district to which the probationer was required or permitted to proceed).   Contrary to defendant's argument, a motion to transfer jurisdiction does not constitute a § 3583(e)(2) motion to modify the conditions of supervised release where, as here, jurisdiction is not a condition of such supervised release.   In fact, defendant did not ask this Court to modify the conditions of his supervised release, but only to transfer jurisdiction to the District of New Hampshire so he could "file a motion [in that District] to terminate [his] supervision before its natural expiration." Dkt. 169, ¶ 5.   Thus, because defendant's motion in this District did not request a modification of the conditions of his supervised release, the Court was not required to consider the sentencing factors enumerated in §3583(e) in denying the motion.

Even assuming that the request to transfer jurisdiction constituted a motion to modify the conditions of defendant's supervised release, the Court would have denied the motion after considering the sentencing factors identified in § 3583(e).   Having presided over defendant's sentencing as well as multiple post-sentencing proceedings, the Court is familiar with the nature and circumstances of the underlying offense, which centered on a sophisticated fraud scheme.  The Court is also familiar with the history and characteristics of the defendant, including his conduct throughout his term of supervision.  See § 3553(a)(1) (reflecting the nature and circumstances of the offense and the history and characteristics of the defendant).   The Court is also familiar with the defendant's financial affairs and business activities during supervision, both of which are relevant to protecting the financial security of the community.  See § 3553(a)(2)(C) (reflecting the need to protect

the public from further crimes of the defendant).   Further, the Court presided over the defendant's prior supervised release violation for failing to pay restitution as ordered and his unsuccessful effort to vacate the restitution order in this case.  This Court is in the best position to ensure that the defendant properly completes his term of supervision and pays his restitution obligations in full.[1]  See § 3553(a)(7) (reflecting the need to provide restitution to victims of the offense).

      Moreover, the United States Attorney's Office for the Northern District of New York has handled defendant's case since its inception.  That office is undoubtedly familiar with the particular facts of this case, and has represented that it has been working on an ongoing basis through its Financial Litigation Unit to ensure the collection of the restitution owed.

      All of these factors make the Northern District of New York the most appropriate forum to oversee defendant's continued supervision.  While defendant may serve the duration of his supervised release under the direction of a United States Probation Officer in the District of New Hampshire (as he is currently doing), the Court finds no basis to transfer jurisdiction of that supervision to a district that has had comparatively little involvement in the case.[2]

      Finally, defendant is not entitled to a Fed. R. Crim. P. 32(c) hearing inasmuch as:

---

[1] Defendant is not prevented from applying to this Court for an early termination of the conditions of his supervision, and nothing in this Decision and Order should be construed as prohibiting or prejudging such a motion.

[2] This is of particular importance because defendant has asserted that the purpose of the transfer request was to facilitate a "motion to terminate [his] supervision before its natural expiration" in the District of New Hampshire. Dkt. # 169, ¶ 5.

(1) he expressly waived such a hearing in his motion to transfer, see dkt. # 169 (" No hearing is sought in this matter per Fed. R. Crim. P. 32(c)(2)(A) & (B)."); and (2) the motion to transfer did not seek to modify the conditions of his supervised release.  Defendant is not permitted to advance new theories in support of his position in his motion for reconsideration.  See United States v. Lewis, 2008 U.S. Dist. LEXIS 15254, at *5 (N.D.N.Y. Feb. 28, 2008) (motions to reconsider "should not be granted where [a] movant merely seeks to advance new theories in support of its position on an issue previously decided, or otherwise to take 'a second bite at the apple'") (quoting Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998)).

### III.    CONCLUSION

For the foregoing reasons, defendant's motion for reconsideration of the denial of his request to transfer jurisdiction over his supervised release to the District of New Hampshire [dkt. # 171] is **DENIED**.

**IT IS SO ORDERED.**

Dated:  January 11, 2016

Thomas J. McAvoy
Senior, U.S. District Judge